Matthew Borden, Esq. (SBN: 214323)
 borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
 kwasniewski@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

*Attorneys for Defendant*
*Ancient Brands, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SHANE WINKELBAUER, individually, and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>      -against-<br><br>ANCIENT BRANDS, LLC, and DOES 1-10, inclusive,<br><br>              Defendant. | Case No. 2:21-cv-3503<br><br>**DEFENDANT ANCIENT BRANDS, LLC'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Ancient Brands, LLC ("Ancient Nutrition") hereby removes this action from the Superior Court in the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332, 1446, and 1453. This action is a purported class action where the named plaintiff and defendant are citizens of different states, the purported class contains over 100 members, and the amount in controversy would exceed $5 million. In accordance with 28 U.S.C. § 1446(a), set forth below is a statement of the grounds for removal.

## I. THE COMPLAINT AND STATE COURT PROCEEDINGS

1. Ancient Nutrition is a small protein supplement company dedicated to providing ancient nutrients in a modern form. The company was started by Jordan Rubin and Dr. Josh Axe, who set out to provide consumers with sustainable and better-for-them food and nutritional supplements. Plaintiff filed this putative class action regarding the packaging of "Ancient Nutrition protein powders in opaque containers (the 'Products')," claiming that Ancient Nutrition "markets the Products in a systematically misleading manner by representing them as adequately filled when, in fact, they contain an unlawful amount of empty space or 'slack-fill'" because "[t]he front of the Products' packaging does not include any information that would reasonably apprise Plaintiff of the quantity of product relative to the size of the container, such as a fill line." (Compl. ¶ 3). Plaintiff's claim misses the mark: like all supplements, all of Ancient Nutrition's products are sold by weight, not by volume, and this weight was prominently displayed on the Products.

2. This is not the first time counsel in question has brought such a frivolous complaint against Ancient Nutrition: each boilerplate pleading failed to even specify the Ancient Nutrition product that the plaintiff supposedly purchased. This case was thus improperly filed in state court in bad faith to vex, harass and

extort Ancient Nutrition, and provides a paradigmatic example of the abusive type of putative class action that the Class Action Fairness Act ("CAFA") was designed to address.

3.  On March 16, 2021, Plaintiff Shane Winkelbauer filed an action against Ancient Nutrition, entitled *Shane Winkelbauer v. Ancient Nutrition*, Case No. 21STCV10258, in the Superior Court in the State of California for the County of Los Angeles.

4.  Service of the Complaint was effectuated on or about March 24, 2021. True and correct copies of the Complaint and Summons are attached as **Exhibit A**.

## II. JURISDICTION AND VENUE

5.  As is set forth below, this is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d) (pursuant to the Class Action Fairness Act).

6.  This action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453, as (1) it is a "civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons;" (2) the purported class action contains over 100 class members; (3) the amount in controversy sought by Plaintiff exceeds the sum of $5 million; and (4) at least one plaintiff is diverse from at least one defendant.

7.  Venue is proper in this Court because this Court embraces the County of Los Angeles where the underlying state court action was filed. 28 U.S.C. § 1441(a).

## III. JURISDICTION OVER THIS ACTION EXISTS PURSUANT TO THE CLASS FAIRNESS ACT

8.  Jurisdiction pursuant to the Class Fairness Act ("CAFA") exists over (1) purported class actions, or "civil action[s] filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons;" (2) the

purported class action contains over 100 class members; (3) the amount in controversy sought by Plaintiff exceeds the sum of $5 million; and (4) a member of a class of plaintiffs is a citizen of a State and a defendant is a foreign state or a citizen or subject of a foreign state OR (5) a member of the purported class of plaintiffs is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(2). These requirements are met here.

### A. This Case Is A Purported Class Action

9. Jurisdiction under CAFA requires that the action be a putative class action. *See* 28 U.S.C. § 1332(d)(2). This case meets that requirement. Plaintiff describes the action as a class action (Compl. ¶ 2) and defines the putative class as "[a]ll persons who purchased the Products in the United States or, alternatively, the State of California, for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present." (Compl. ¶ 49).

### B. The Purported Class Contains Over 100 Class Members

10. Jurisdiction under CAFA requires that the purported class action contain over 100 class members. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff's complaint asserts that "the Class is comprised of many thousands of persons." (Compl. ¶ 50.) As detailed in the declaration of Kristopher Colt Morton, an attorney and Chief Operations Officer, thousands of units of "protein powders in opaque containers" (the "Products") were purchased during the relevant period, further corroborating that assertion. (Declaration of Kristopher Colt Morton ("Morton Decl.") ¶ 4.)

### C. The Amount in Controversy Exceeds $5,000,000

11. The amount in controversy is based on the relief a plaintiff theoretically could obtain if he was successful on all his claims. *Campbell v. Vitran Exp., Inc.* 471 F. App'x 646, 648 (9th Cir. 2012). For purposes of 28 U.S.C. § 1332(d)(6), the claims of the individual class members shall be aggregated to

determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

12. Pursuant to Supreme Court and Ninth Circuit case law, a notice of removal pursuant to CAFA need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 553-54 (2014); *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (holding that "defendant's notice of removal [pursuant to CAFA] 'need not contain evidentiary submissions' but only plausible allegations of jurisdictional elements") (internal quotation marks omitted).

13. Here, Plaintiff's own pleading shows that the amount of damages and restitution he seeks exceeds the $5,000,000 threshold. (Complaint ¶¶ 49-50; Prayer For Relief ¶¶ A-D).

14. Plaintiff alleges that "Defendant underfills the Products for no lawful reason. . . . to save money (by not filling the container ) and to deceive consumers into purchasing the Products over its competitors' products." (Compl. ¶ 3.) He seeks the following relief:

> A. An order enjoining Defendant from continuing to label and/or package the Products as challenged herein;
>
> B. Damages against Defendant in an amount to be determined at trial, together with pre- and post- judgement interest at the maximum rate allowable by law on any amounts awarded;
>
> C. Restitution and/or disgorgement in an amount to be determined at trial;
>
> D. Reasonable attorneys' fees and costs; and
>
> E. Granting such other and further as may be just and proper. (Prayer for Relief ¶¶ A-D.)

15. Plaintiff defines the purported class for which he seeks damages and restitution as comprising "[a]ll persons who purchased the Products in the United States or, alternatively, the State of California, for personal use and not for resale

during the time period of four years prior to the filing of the complaint through the present." (Compl. ¶ 49) and alleges that "Plaintiff and consumers have . . . suffered injury in fact caused by the false, fraudulent, unfair, deceptive, unlawful, and misleading practices." (Compl. 4). The class thus purports to include any Ancient Nutrition customers who purchased the Products within four years of the filing of the Complaint, or March 16, 2017.

16.  While Ancient Nutrition denies the allegations set forth in the Complaint and maintains that Plaintiff is subject to sanctions for filing this false and abusive lawsuit, in determining the amount in controversy, "a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell*, 471 F. App'x at 648 (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993,1001 (C.D. Cal. 2002)); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial. This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy.").

17.  ***First***, were Plaintiff to succeed on these claims, Ancient Nutrition may be required to disgorge the total value of the purchases of the Products in California for the four-year period preceding the filing of the Complaint, or March 16, 2021. For the relevant period, Ancient Nutrition has sold thousands of units of the Products in California. These purchases represent over $5,000,000. (Morton Decl. ¶ 4.) Were Ancient Nutrition required to disgorge such amounts for the four-year putative class period, as Plaintiff seeks, that sum alone would significantly exceed $5 million. (Morton Decl. ¶ 4.). Yet Plaintiff also demands "[d]amages against Defendant in an amount to be determined at trial, together with pre- and post- judgement interest at

the maximum rate allowable by law on any amounts awarded," which would still further increase the amount at issue. (Prayer for Relief, ¶ B.)

18.  *Second*, the Complaint seeks injunctive relief, in the form of "[a]n order enjoining Defendant from continuing to label and/or package the Products as challenged herein." (Prayer for Relief, ¶ A.) The injunctive relief Plaintiff demands would require Ancient Nutrition to discontinue its current packaging of the Products and redesign its packaging, including all of the manufacturing changes and contract renegotiations that such a redesign would require. (Morton Decl. ¶ 4.)

19.  The cost of complying with non-monetary relief is also included in the amount in controversy in a CAFA action. *Tuong Hoang v. Supervalu Inc.*, 541 F. App'x 747, 748 (9th Cir. 2013) ("The value of the requested injunction against Defendants would not be 'recovered' by Plaintiffs yet the value of such an injunction is part of the amount that has been put in controversy by Plaintiffs' complaint."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) (costs of complying with an injunction may be considered in measuring the amount in controversy); *Biendara v. RCI, LLC*, No. SACV101878AGMLGX, 2011 WL 13137567, at *6 (C.D. Cal. Jan. 24, 2011) (denying motion to remand to state court where injunctive relief would result in "added value for Plaintiff and lost profits to Defendant, perhaps continuing indefinitely into the future, show that the requested injunctive relief is highly valuable and therefore also boosts the amount in controversy above $5 million.").

20.  Here, repackaging each of the Products, as Plaintiff seeks to require, would separately cost a substantial amount. (Morton Decl. ¶ 4.) That is a separate and independent reason why the amount in controversy is satisfied.

21.  *Third*, Plaintiff also seeks "[r]easonable attorneys' fees and costs" (Prayer for Relief, ¶ D). This further adds to the total amount in controversy. *See* Cal. Bus. and Prof. Code § 17200, California Code of Civil Procedure § 1021.5.

*Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that future attorneys' fees can be included in the amount in controversy requirement when they are authorized by statute).

22. In sum, taken separately, and especially taken together, the amount of damages sought, the costliness of the injunctive relief, and the potential additional damages and attorney's fees easily satisfy the amount in controversy under CAFA.

**D.  Plaintiff Is a Citizen of California and Ancient Nutrition Is a Citizen of Tennessee**

23. CAFA jurisdiction requires that "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(c).

24. CAFA also grants jurisdiction where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.")

25. A natural person has the citizenship of the place of his domicile. *Kanto v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Corporate parties can have the citizenship of the state of incorporation and the citizenship of the state of its principal place of business. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-92 (9th Cir. 1972).

26. Here, Plaintiff alleges that he is a citizen of the State of California. (Complaint ¶ 6.)

27. Defendant Ancient Nutrition is a Delaware corporation with its principal place of business in Franklin, Tennessee. (Complaint ¶ 7); (Morton Decl. ¶ 2.)

28. Therefore, the suit is both (1) between a member of a class of plaintiffs who is a citizen of a State and a defendant a citizen or subject of a foreign state and (2) a suit where a member of the purported class of plaintiffs is a citizen of a State different from any defendant.

### E. All Procedural Requirements are Satisfied

29. 28 U.S.C. § 1441(a) allows civil actions brought in state court to be removed to the district court "embracing the place where such action is pending." The Complaint was filed in the Superior Court of California for the County of Los Angeles. This District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a) because it is the District that embraces the county where the state court action was pending.

30. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely. Ancient Nutrition became aware of the lawsuit when it was served with the Complaint on March 24, 2021. Notice of Removal must thus be filed on or before April 23, 2021.

31. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from state court are attached hereto as **Exhibit B**.

32. Defendants will serve written notice of the removal of this action upon all parties and will file such notice with the Clerk of the Superior Court of California for the County of Los Angeles.

### CONCLUSION

WHEREFORE, Defendant Ancient Nutrition hereby removes this case from the California Superior Court for the County of Los Angeles to this Court.

Dated: April 23, 2021

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: */s/ Matthew Borden*

Matthew Borden, Esq.
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

*Attorneys for Defendant
Ancient Brands, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23nd day of April, 2021, the foregoing document was filed electronically on the CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

The foregoing document was also served by mail on April 23, 2021 on all counsel or parties of record listed below.

> Ryan J. Clarkson, Esq.
> Zach Chrzan, Esq.
> Clarkson Law Firm, P.C. 9255
> Sunset Blvd., Suite 804
> Los Angeles, CA 90069

> */s/Matthew Borden*
> Matthew Borden

Matthew Borden, Esq. (SBN: 214323)
borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
kwasniewski@braunhagey.com
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

*Attorneys for Defendant*
*Ancient Brands, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SHANE WINKELBAUER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>ANCIENT BRANDS, LLC, and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 2:21-cv-3503<br><br>**DECLARATION OF KRISTOPHER COLT MORTON IN SUPPORT OF DEFENDANT ANCIENT BRANDS, LLC'S NOTICE OF REMOVAL** |

I, Kristopher Colt Morton, declare:

1. I am the Chief Operations Officer of Defendant Ancient Brands, LLC, ("Ancient Nutrition"). I make this declaration on personal knowledge. If called as a witness, I could, and would, testify competently to the facts stated herein.

2. Ancient Nutrition is a Delaware corporation with its principal place of business in Franklin, Tennessee.

3. In my role as Chief Operations Officer, I have personal knowledge of the number of Ancient Nutrition products sold in California since March 16, 2017, including the number of sales of "protein powders in opaque containers" (the "Products") in California and in the United States. In my role as Chief Operations Officer, I also have personal knowledge of the combined value of the sales of these units.

4. Plaintiff's claims are meritless and we intend to vigorously defend the quality and reputation of our products. If the claims were somehow successful, however, the damages and restitution sought and the cost of the demanded injunctive relief would far exceed $5 million:

    a. <u>Value of Purchases in California</u>. The value of the purchases of the Products in California since March 16, 2017 greatly exceeds $5 million. Should the Court require further substantiation of the amount in controversy, Ancient Nutrition can provide additional information about the value of sales of the Products under seal.

    b. <u>Value of Purchases in the United States</u>. The value of the purchases of the Products in the United States since March 16, 2017 greatly exceeds $5 million. Should the Court require further substantiation of the amount in controversy, Ancient Nutrition can provide additional information about the value of purchases of the Products under seal.

     c. <u>Repackaging the Products</u>. If Ancient Nutrition were required to redesign its packaging for the Products, as Plaintiff seeks to require, this effort would separately cost a substantial amount.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: April 23, 2021

                                             Kristopher Colt Morton

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of April, 2021, the foregoing document was filed electronically on the CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

The foregoing document was also served by mail on April 23, 2021 on all counsel or parties of record listed below.

>Ryan J. Clarkson, Esq.
>Zach Chrzan, Esq.
>Clarkson Law Firm, P.C. 9255
>Sunset Blvd., Suite 804
>Los Angeles, CA 90069

*/s/Matthew Borden*
Matthew Borden