# EXHIBIT A

**FILED**
Superior Court of California
County of Los Angeles

MAR 16 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Kristina Vargas

ORIGINAL

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1   **CLARKSON LAW FIRM, P.C.**
2   Ryan J. Clarkson (SBN 257074)
    rclarkson@clarksonlawfirm.com
3   Zach Chrzan (SBN 329159)
    zchrzan@clarksonlawfirm.com
4   9255 Sunset Blvd., Suite 804
    Los Angeles, CA 90069
5   Tel: (213) 788-4050
    Fax: (213) 788-4070
6
7   *Attorneys for Plaintiff*

8
           SUPERIOR COURT FOR THE STATE OF CALIFORNIA
9
                    COUNTY OF LOS ANGELES
10

11  SHANE WINKELBAUER, individually and on          Case No. **21STCV10258**
    behalf of all others similarly situated,
12                                                   **CLASS ACTION COMPLAINT**
                        Plaintiff,
13                                                   1.  VIOLATION OF CALIFORNIA
          vs.                                            UNFAIR COMPETITION LAW,
14                                                       BUSINESS AND PROFESSIONS CODE
    ANCIENT BRANDS, LLC, and DOES 1                      § 17200, *et seq.*
15  through 10, inclusive,                           2.  FALSE AND MISLEADING
                                                         ADVERTISING IN VIOLATION OF
16                      Defendant.                        BUSINESS AND PROFESSIONS CODE
                                                         § 17500, *et seq.*
17                                                   3.  VIOLATION OF CALIFORNIA
                                                         CONSUMERS LEGAL REMEDIES
18                                                       ACT, CIVIL CODE § 1750, *et. seq.*
                                                     4.  UNJUST ENRICHMENT
19                                                   5.  COMMON LAW FRAUD
                                                     6.  INTENTIONAL
20                                                       MISREPRESENTATION
                                                     7.  NEGLIGENT MISREPRESENTATION
21
22                                                   **DEMAND FOR JURY TRIAL**
23
24
25
26
27
28

                                        1
                          CLASS ACTION COMPLAINT

**INTRODUCTION**

1.      Defendant manufactures and sells an extremely popular line of protein powder products throughout the United States. To increase profits at the expense of consumers and fair competition, Defendant deceptively sells all Ancient Nutrition protein powders in opaque containers (the "Products") in oversized packaging that does not reasonably inform consumers that they are more than half empty. Defendant's "slack-fill" scam dupes unsuspecting consumers across America to pay premium prices for empty space. In one version of the Product, the opaque container measures to a vertical height of approximately 18.9 cm, while the product inside only measures to a vertical height of approximately 9.1 cm. Below is a true and correct image of one version of the Product, evidencing the deception. The red line represents the actual fill line, below which is product, and above which is nonfunctional empty space.



CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

2.     While other similar lawsuits against Defendant's competitors have all but curbed this unfair business practice, Defendant remains one of the last holdouts, ignoring the industry trend toward transparency in the hopes of obtaining an unfair competitive advantage in the marketplace. This class action aims to remedy Defendant's unfair business practice by forcing it to follow the industry trend toward greater transparency and eliminating consumer deception.

3.     Defendant markets the Products in a systematically misleading manner by representing them as adequately filled when, in fact, they contain an unlawful amount of empty space or "slack-fill." Defendant underfills the Products for no lawful reason. The front of the Products' packaging does not include any information that would reasonably apprise Plaintiff of the quantity of product relative to the size of the container, such as a fill line. Defendant does this to save money (by not filling the containers) and to deceive consumers into purchasing the Products over its competitors' products. Defendant's slack-fill scheme not only harms consumers, but it also harms its competitors who have implemented labeling changes designed to alert consumers to the true amount of product in each container. Accordingly, Defendant has violated the California Consumers Legal Remedies Act, particularly California Civil Code sections 1770(a)(2), 1770(a)(5), 1770(a)(7), 1770(a)(9). As such, Defendant has committed *per se* violations of Business & Professions Code section 17200, *et seq.*, Business & Professions Code section 17500, *et seq.*, and Civil Code section 1750, *et seq.*

4.     Plaintiff and consumers have, accordingly, suffered injury in fact caused by the false, fraudulent, unfair, deceptive, unlawful, and misleading practices set forth herein, and seek injunctive relief, as well as, *inter alia*, compensatory damages, statutory damages, restitutionary damages, and attorneys' fees.

## CALIFORNIA STATE AND FEDERAL COURTS FIND SLACK-FILL
## CASES MERITORIOUS AND APPROPRIATE FOR CLASS TREATMENT

5.     Several state and federal courts have found that cases involving nearly identical claims are meritorious and appropriate for class treatment. *See Padilla v. The Whitewave Foods Co., et. al.*, Case No. 2:18-cv-09327-JAK-JC (C.D. Cal.) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled supplement container claims denied); *Matic v. United States Nutrition, Inc.*,

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1   Case No. 2:18-cv-09592-PSG-AFM (C.D. Cal.) (defendant's FRCP 12(b)(6) motion to dismiss

2   slack-filled supplement container claims denied); *Merry, et al. v. International Coffee & Tea, LLC*

3   *dba The Coffee Bean*, Case No. CIVDS1920749 (San Bernardino Superior Court) (defendant's

4   demurrer to slack-filled powder filled container claims overruled); *Iglesias v. Ferrara Candy Co.*,

5   Case No. 3:17-cv-00849-VC (N.D. Cal.) (defendant's FRCP 12(b)(6) motion to dismiss slack-

6   filled Jujyfruits® and Lemonhead® candy box claims denied and nationwide settlement class

7   certified); *Tsuchiyama v. Taste of Nature, Inc*., Case No. BC651252 (L.A.S.C.) (defendant's

8   motion for judgment on the pleadings involving slack-filled Cookie Dough Bites® candy box

9   claims denied and nationwide settlement subsequently certified through Missouri court); *Gordon*

10  *v. Tootsie Roll Industries, Inc*., Case No. 2:17-cv-02664-DSF-MRW (C.D. Cal.) (defendant's

11  FRCP 12(b)(6) motion to dismiss slack-filled Junior Mints® and Sugar Babies® candy box claims

12  denied); *Escobar v. Just Born, Inc*., Case No. 2:17-cv-01826-BRO-PJW (C.D. Cal.) (defendant's

13  FRCP 12(b)(6) motion to dismiss slack-filled Mike N' Ike® and Hot Tamales® candy box claims

14  denied and California class action certified); *Thomas v. Nestle USA, Inc.*, Cal. Sup. Case No.

15  BC649863 (April 29, 2020) (certifying as a class action slack-fill claims brought under California

16  consumer protection laws).

17                                **PARTIES**

18      6.      Plaintiff is, and at all times relevant hereto was, a citizen of California residing in

19  the county of Los Angeles. Plaintiff made a one-time purchase of Ancient Nutrition Multi

20  Collagen Protein powder at a Ralph's store in Los Angeles, California in 2020. In making his

21  purchase, Plaintiff relied upon the opaque packaging, including the size of the container and

22  product label, which was prepared and approved by Defendant and its agents and disseminated

23  statewide and nationwide, as well as designed to encourage consumers like Plaintiff to purchase

24  the Products. Plaintiff understood the size of the container and product label to indicate that the

25  amount of protein powder contained therein was commensurate with the size of the container, and

26  he would not have purchased the Product, or would not have paid a price premium for the Product,

27  had he known that the size of the container and product label were false and misleading. If the

28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1    Products' packaging and label were not misleading, then Plaintiff would purchase the Products in

2    the future.

3         7.     Defendant, Ancient Brands, LLC is a corporation headquartered in Franklin,

4    Tennessee. Ancient Brands, LLC maintains its principal place of business at 2000 Mallory Lane,

5    Suite 130-307, Franklin, Tennessee 37067. Defendant, directly and through its agents, conducts

6    business nationwide. Defendant has substantial contacts with and receives substantial benefits and

7    income from and through the State of California. Defendant is the owner, manufacturer, and

8    distributor of the Products, and is the company that created and/or authorized the false,

9    misleading, and deceptive packaging for the Products.

10        8.     The true names and capacities, whether individual, corporate, associate or otherwise

11   of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 10

12   inclusive are presently unknown to Plaintiff, who therefore sue these Defendants by fictitious

13   names. Plaintiff will seek leave of this Court to amend the Complaint to show their true names

14   and capacities when the same have been ascertained. Plaintiff is informed and believes and based

15   thereon alleges that DOES 1 through 10 were authorized to do and did business in Los Angeles

16   County. Plaintiff is further informed and believes and based thereon alleges that DOES 1 through

17   10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events,

18   happenings, and damages hereinafter set forth below.

19        9.     Plaintiff is informed and believes and based thereon alleges that at all times relevant

20   herein each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner,

21   assignee, successor-in-interest, alter ego, or other representative of each of the remaining

22   Defendants and was acting in such capacity in doing the things herein complained of and alleged.

23        10.    In committing the wrongful acts alleged herein, Defendants planned and

24   participated in and furthered a common scheme by means of false, misleading, deceptive, and

25   fraudulent representations to induce members of the public to purchase the Products. Defendants

26   participated in the making of such representations in that each did disseminate or cause to be

27   disseminated said misrepresentations.

28   ///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

11.     Defendants, upon becoming involved with the manufacture, distribution, advertising, marketing, and sale of the Products, knew or should have known that the Products' packaging were false, deceptive, misleading, unfair, unlawful, and fraudulent. Since the time Defendants introduced the Products into the marketplace, Defendants have misrepresented the amount of powder product contained in the product containers in order to convince consumers to purchase and use the Product, resulting in profits of millions of dollars or more to Defendants, all to the damage and detriment of the consuming public.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, section 10, because this case is a cause not given by statute to other trial courts.

13.     Plaintiff has standing to bring this action pursuant to Business & Professions Code Section 17200, et seq.

14.     Out-of-state participants can be brought before this Court pursuant to the provisions of Code of Civil Procedure Section 395.5.

15.     Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between it and California.

16.     Venue is proper in this Court because Defendant conducts business in Los Angeles County, Defendant receives substantial compensation from sales in Los Angeles County, and Defendant made numerous misrepresentations which had a substantial effect in Los Angeles County, including, but not limited to, the Product's packaging and labeling. Moreover, Plaintiff purchased the Product in Los Angeles County.

## FACTUAL BACKGROUND

17.     The amount of product inside any product packaging is material to any consumer seeking to purchase that product. The average consumer spends only 13 seconds deciding whether to make an in-store purchase;[1] this decision is heavily dependent on a product's

---

[1] Randall Beard, *Make the Most of Your Brand's 20-Second Window*, NIELSEN, Jan. 13, 2015, https://www.nielsen.com/us/en/insights/article/2015/make-the-most-of-your-brands-20-second-window./.

CLASS ACTION COMPLAINT

packaging, including the package dimensions. Research has demonstrated that packages that seem larger are more likely to be purchased, because consumers expect package size to accurately represent the quantity of the good being purchased.[2]

18.     Accordingly, Defendant chose a certain size container for its Products to convey to consumers that they are receiving a certain and substantial amount of protein powder product commensurate with the size of the container. Such representations constitute an express warranty regarding the Product's content.

19.     Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein. Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for illegitimate or unlawful reasons.

20.     Defendant falsely represents the quantity of product in each of the Products' opaque containers through its packaging. The size of each container leads the reasonable consumer to believe he or she is purchasing a container full of protein powder product when, in reality, what he or she actually receives is less than half of what is represented by the size of the container.

21.     Even if Plaintiff and other reasonable consumers of the Products had a reasonable opportunity to review, prior to the point of sale, other representations of quantity, such as net weight or serving disclosures, they did not and would not have reasonably understood or expected such representations to translate to a quantity of protein powder product meaningfully different from their expectation of a quantity of powder product commensurate with the size of the container.

22.     Prior to the point of sale, the Products' packaging does not allow for a visual or audial confirmation of the contents of the Products. The Products' opaque packaging prevents a consumer from observing the contents before opening. Even if a reasonable consumer were to "shake" the Products before opening the container, the reasonable consumer would not be able to discern the presence of any nonfunctional slack-fill, let alone the 52% nonfunctional slack-fill that is present in the Products.

---

[2] P. Raghubir & A. Krishna, *Vital Dimensions in Volume Perception: Can the Eye Fool the Stomach?*, 36 J. MARKETING RESEARCH 313-326 (1999).

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd. Ste. 804
Los Angeles, CA 90069

23.     The other information that Defendant provides about the quantity of protein powder product on the front and back labels of the Products does not enable reasonable consumers to form any meaningful understanding about how to gauge the quantity of contents of the Products as compared to the size of each container itself. For instance, the front of the Products' packaging does not have any labels that would provide Plaintiff with any meaningful insight as to the amount of protein powder to be expected, such as a fill line.

24.     Disclosures of net weight and serving sizes in ounces, pounds, or grams do not allow the reasonable consumer to make any meaningful conclusions about the quantity of protein powder contained in the Products' containers that would be different from the reasonable consumer's expectation that the quantity of protein powder product is commensurate with the size of the container.

25.     The net weight and serving size disclosures do not allow Plaintiff to make – and Plaintiff did not make – any meaningful conclusions about the quantity of protein powder product contained in the Products' containers that was different than Plaintiff's expectations that the quantity of product would be commensurate with the size of the containers.

26.     Plaintiff would not have purchased the Product had he known that the Product contained slack-fill that serves no functional or lawful purpose.

**None of the Slack-Fill Statutory Exceptions Apply to the Products**

27.     Pursuant to 21 C.F.R. § 100.100, "a food shall be deemed to be misbranded if its container is so made, formed, or filled as to be misleading." An opaque container "shall be considered to be filled as to be misleading if it contains nonfunctional slack-fill." *Id.* Nonfunctional slack-fill is empty space within packaging that is filled to less than its capacity for reasons other than provided for in the six enumerated slack fill exceptions.

**A.     21 C.F.R. 100.10(a)(1) – Protection of the Contents**

28.     The slack-fill contained in the Products' containers does not protect the contents of the packages. In fact, because the product is a powder, there is no need to protect the product with the slack-fill present.

///

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd. Ste. 804
Los Angeles, CA 90069

**B.      21 C.F.R. 100.100(a)(2) – Requirements of the Machines**

29.      The machines used to package the Products would not be affected if there was more powder product added. At most, a simple recalibration of the machines would be required. Upon information and belief, adjusting these machines is rather simple.

30.      Because the packages are only filled to 48% of their capacity, Defendant can increase the Products' fill level significantly without affecting how the containers are sealed, or it can disclose the fill-level on the outside labeling to inform consumers of the amount of powder product actually in the container, consistent with the law.

**C.      21 C.F.R. 100.100(a)(3) – Settling During Shipping and Handling**

31.      The slack-fill present in the Products' containers is not a result of the powder product settling during shipping and handling. Given the Products' density, shape, and composition, any settling occurs immediately at the point of fill. No measurable product settling occurs during subsequent shipping and handling.

32.      Even if *some* product settling may occur, there is no reason why the Products' containers are more than half empty, when competitor products – such as the Four Sigmatic product below – which have similar product density, shape, and composition as Defendant's product, are filled nearly 90% full.

**D.      21 C.F.R. 100.100(a)(4) – Specific Function of Package**

33.      The packages do not perform a specific function that necessitates the slack-fill. This safe harbor would only apply if a specific function is "inherent to the nature of the food and is clearly communicated to consumers." The packages do not perform a function that is inherent to the nature of the food. Defendant did not communicate a specific function to consumers, making this provision inapplicable.

**E.      21 C.F.R. 100.100(a)(5) – Reusable Container**

34.      The Products' packaging is not reusable or of any significant value to the Products independent of its function to hold the protein powder product. The Products' containers are intended to be discarded immediately after the powder product is used.

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

**F.     21 C.F.R. 100.100(a)(6) – Inability to Increase Fill or Decrease Container Size**

35.     The slack-fill present in the Products' containers does not accommodate required labeling, discourage pilfering, facilitate handling, or prevent tampering.

36.     Defendant can easily increase the quantity of protein powder product contained in each container (or, alternatively, decrease the size of the containers) by approximately 52% more volume.

37.     Because none of the safe harbor provisions apply to the Products' packaging, the packages contain nonfunctional slack-fill in violation of 21 C.F.R. 100.100 and are, therefore, filled as to be misleading. Plaintiff shall proffer expert testimony to establish these facts once this case reaches the merits more definitively.

**Comparator Products Serve as Additional**

**Evidence of Nonfunctional Slack-Fill**

38.     Contrast Defendant's packaging of the Products with a comparator product, such as Four Sigmatic Superfood Protein powder, which is manufactured and packaged in a similar opaque container. The Four Sigmatic container measures to a vertical height of approximately 19 cm. The container is filled with product to a height of approximately 17 cm. Therefore, this product is nearly 90% filled with a similar protein powder product. Below is a true and correct image of the comparator product. The red line represents the actual fill line, below which is product, and above which is nonfunctional empty space.

///

///

///

///

///

///

///

///

///

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069



39. The Four Sigmatic packaging provides additional evidence that the slack-fill present in the Products' packaging is nonfunctional.

40. The Four Sigmatic packaging provides additional evidence that the slack-fill in the Products is not necessary to protect and, in fact, does not protect, the contents of the Products; is not a requirement of the machines used for enclosing the contents of the Products; is not a result of unavoidable product settling during shipping and handling; is not needed to perform a specific function; and is not part of a legitimate reusable container.

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

41.     The Four Sigmatic packaging provides additional evidence that Defendant is able to increase the level of fill inside the Products' containers.

42.     The Four Sigmatic packaging provides additional evidence that Defendant has reasonable alternative designs available to it in its packaging of the Products.

43.     Plaintiff did not expect that the Product would contain nonfunctional slack-fill, especially given that nonfunctional slack-fill, as opposed to functional slack-fill, is prohibited by federal law as well as California law.

44.     The Products are made, formed, and filled so as to be misleading. The Products are, therefore, misbranded.

45.     The slack-fill contained in the Products does not serve a legitimate or lawful purpose.

46.     Defendant's false, deceptive, and misleading label statements are unlawful under state and federal consumer protection and packaging laws.

47.     Defendant intended for Plaintiff and the Class members to be misled.

48.     Defendant's misleading and deceptive practices proximately caused harm to Plaintiff and the Class.

## CLASS ACTION ALLEGATIONS

49.     Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated. The Class which Plaintiff seeks to represent comprises:

> "All persons who purchased the Products in the United States or, alternatively, the State of California, for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present."

Excluded from the Class are Defendant's officers, directors, and employees, and any individual who received remuneration from Defendant in connection with that individual's use or endorsement of the Products. Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd. Ste. 804
Los Angeles, CA 90069

50.     The Class is comprised of many thousands of persons. The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

51.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that the Class was exposed to the same common and uniform false and misleading advertising and omissions. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

a.  The true nature and amount of product contained in each Products' packaging;

b.  Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

c.  Whether Defendant misrepresented the approval of the FDA, United States Congress, and California Legislature that the Products' packaging complied with federal and California slack-fill regulations and statutes;

d.  Whether the Products contain nonfunctional slack-fill in violation of 21 C.F.R. Section 100.100, *et seq.*;

e.  Whether the Products contain nonfunctional slack-fill in violation of California Business and Professions Code Section 12606.2, *et seq.;*

f.  Whether Defendant's conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

g.  Whether Defendant's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

h.  Whether Defendant's conduct is an unfair business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

i.  Whether Defendant's advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

j.  Whether Defendant made false and misleading representations in its advertising and labeling of the Product;

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

k. Whether Defendant knew or should have known that the representations were false;

l. Whether Plaintiff and the Class paid more money for the Products than they actually received;

m. How much more money Plaintiff and the Class paid for the Products than they actually received;

n. Whether Defendant committed common law fraud;

o. Whether Defendant was unjustly enriched at the expense of Plaintiff and the Class members;

p. Whether Defendant intentionally misrepresented the amount of powder contained in the Products' packaging; and

q. Whether Defendant negligently misrepresented the amount of powder contained in the Products' packaging.

52.  Plaintiff's claims are typical of the claims of the proposed Class, as the representations and omissions made by Defendant are uniform and consistent and are contained on packaging and labeling that was seen and relied on by Plaintiff and members of the Class.

53.  Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation. Plaintiff's Counsel prosecuted the largest slack-fill nationwide class action settlement in 2018. Plaintiff's Counsel also was the first law firm to successfully certify a slack-fill lawsuit involving theater box candy confectioners (twice in 2019 and 2020, respectively).

54.  Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false, deceptive, and misleading representations. Plaintiff purchased the Product because of the size of the container and the product label, which he believed to be indicative of the amount of protein powder product contained therein as commensurate with the size of the container. Plaintiff relied on Defendant's representations and would not have purchased the Product if he had known that the packaging, labeling, and advertising as described herein was false and misleading.

///

14

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

55.     The Class is identifiable and readily ascertainable. Notice can be provided to such purchasers using techniques and a form of notice similar to those customarily used in class actions and by Internet publication, radio, newspapers, and magazines.

56.     A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

57.     The trial and the litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendant's conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

58.     Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

59.     Absent a class action, Defendant will likely retain the benefits of its wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

## COUNT ONE

## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

## BUSINESS & PROFESSIONS CODE § 17200, *et seq.*

60.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

61.     Plaintiff brings this claim individually and on behalf of the Class.

62.    Congress passed the Federal Food, Drug, and Cosmetic Act ("FDCA"), and in so doing established the Federal Food and Drug Administration ("FDA") to "promote the public health" by ensuring that "foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. §393.

63.    The FDA has implemented regulations to achieve this objective. *See, e.g.*, 21 C.F.R. § 101.1 *et seq.*

64.    The legislature of California has incorporated 21 C.F.R. Section 100.100, which prohibits nonfunctional slack-fill, into the State's Business and Professions Code Section 12606.2 *et seq.*

65.    The FDA enforces the FDCA and accompanying regulations; "[t]here is no private right of action under the FDCA." *Ivie v. Kraft Foods Global, Inc.,* 2013 U.S. Dist. LEXIS 25615, 2013 WL 685372, at *1 (internal citations omitted).

66.    In 1990, Congress passed an amendment to the FDCA, the Nutrition Labeling and Education Act ("NLEA"), which imposed a number of requirements specifically governing food nutritional content labeling. *See, e.g.,* 21 U.S.C. § 343 *et. seq.*

67.    Plaintiff is not suing under the FDCA, but under California state law.

68.    The California Sherman Food, Drug, and Cosmetic Act ("Sherman Law"), Cal. Health & Safety Code Section 109875 *et seq.*, has adopted wholesale the food labeling requirements of the FDCA and NLEA as the food regulations of California. Cal. Health & Safety Code Section 110100.

69.    The Sherman Law declares any food to be misbranded if it is false or misleading in any particular, if the labeling does not conform with the requirements for nutrition labeling set forth in certain provisions of the NLEA. Cal. Health & Safety Code Sections 110660, 110665, 110670.

70.    The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200.

///

///

1

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

### A.    "Unfair Prong"

71.    Under California's Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200, *et seq.*, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006).

72.    Defendant's action of leaving 52% nonfunctional slack-fill in its Products does not confer any benefit to consumers.

73.    Defendant's action of leaving 52% nonfunctional slack-fill in its Products causes injuries to consumers, who do not receive a quantity of product commensurate with their reasonable expectations.

74.    Defendant's action of leaving 52% nonfunctional slack-fill in its Products causes injuries to consumers, who do not receive a level of protein commensurate with their reasonable expectations.

75.    Defendant's action of leaving 52% nonfunctional slack-fill in its Products causes injuries to consumers, who end up overpaying for the Products and receiving a quantity of protein powder less than what they expected to receive.

76.    Consumers cannot avoid any of the injuries caused by the 52% nonfunctional slack-fill in Defendant's Products.

77.    Accordingly, the injuries caused by Defendant's inclusion of 52% nonfunctional slack-fill in the Products outweigh any benefits.

78.    Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. They "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012).

79.    Here, Defendant's conduct of including 52% nonfunctional slack-fill in the Products' packaging has no utility and financially harms purchasers. Thus, the utility of Defendant's conduct is vastly outweighed by the gravity of harm.

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

80.     Some courts require that "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T Wireless Servs. Inc.*, 504 F. 3d 718, 735 (9th Cir. 2007).

81.     The California legislature maintains a declared policy of prohibiting nonfunctional slack-fill in consumer goods, as reflected in State's Business and Professions Code Section12606.2 and California Health and Safety Code Section 110100.

82.     The 52% of nonfunctional slack-fill contained in the Products is tethered to a legislative policy declared in California according to Cal. Business and Professions Code Section12606.2 and Cal. Health & Safety Code Section 110100.

83.     Defendant's packaging of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

84.     Defendant knew or should have known of its unfair conduct.

85.     As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unfair business practice within the meaning of California Business and Professions Code Section 17200.

86.     There existed reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Defendant could have used packaging appropriate for the amount of protein powder product contained within the Products.

87.     All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

88.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff paid an unwarranted premium for this product. Specifically, Plaintiff paid for 52% of protein powder product he never received. Plaintiff would not have purchased the Product if he had known that the Product's packaging contained nonfunctional slack-fill.

///

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd. Ste. 804
Los Angeles, CA 90069

**B.    "Fraudulent" Prong**

89.    California Business and Professions Code Section 17200, et seq., considers conduct fraudulent and prohibits said conduct if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

90.    Defendant's conduct of packaging the Products with 52% nonfunctional slack-fill is likely to deceive members of the public.

91.    Defendant's packaging of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes fraudulent conduct.

92.    Defendant knew or should have known of its fraudulent conduct.

93.    As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute a fraudulent business practice in violation of California Business & Professions Code Section 17200.

94.    Defendant had reasonably available alternatives to further its legitimate business interests, other than the conduct described herein. Defendant could have used packaging appropriate for the proportion of Products contained therein.

95.    All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

96.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's fraudulent conduct. Plaintiff paid an unwarranted premium for the Product. Specifically, Plaintiff paid for 52% of protein powder product he never received. Plaintiff would not have purchased the Product if he had known that the packaging contained nonfunctional slack-fill.

**C.    "Unlawful" Prong**

97.    California Business and Professions Code Section 17200, *et seq.*, identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.,* 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

98.     Defendant's packaging of the Products, as alleged in the preceding paragraphs, violates California Civil Code Section 1750, *et. seq.,* California Business and Professions Code Section 17500, *et. seq.,* Cal. Business and Professions Code Section 12606.2 *et. seq.,* and 21 C.F.R Section 100.100.

99.     Defendant's packaging of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct.

100.    Defendant knew or should have known of its unlawful conduct.

101.    As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unlawful business practice within the meaning of California Business and Professions Code Section 17200.

102.    There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct alleged herein. Defendant could have either used packaging appropriate for the amount of protein powder product contained therein or indicated how much powder the Products contained with a clear and conspicuous fill line.

103.    All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's unlawful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

104.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff paid an unwarranted premium for this product. Specifically, Plaintiff paid for 52% of protein powder product he never received. Plaintiff would not have purchased the Product if he had known that the packaging contained nonfunctional slack-fill.

105.    As a result of the business acts and practices described above, Plaintiff and members of the Class, pursuant to § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant and such other orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the Products as a result of the wrongful conduct of Defendant.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

a. Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

(1) The applicable limitations period is four years for claims brought under the UCL, which is one year longer than the applicable statute of limitations under the FAL and CLRA. Thus, class members who purchased the Products between 3 and 4 years prior to the filing of the complaint will be barred from the Class if equitable relief were not granted under the UCL.

(2) The scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein to include, for example, the overall unfair marketing scheme of underfilling the Products' packaging. Thus, Plaintiff and class members may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct).

(3) Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendant continues to deceptively underfill the Products' packaging. Injunctive relief is necessary to prevent Defendant from continuing to engage in this unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of packaging or label modifications, is necessary to dispel public misperception about the Products that has resulted from years of Defendant's unlawful marketing efforts. Such modifications could include, but are not limited to, shrinking the packaging, adding more powder product to the packaging, or adding a fill line on the front label. Such relief is not available through a legal remedy, as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1    remedy future harm (i.e., prevent future purchasers from being misled), under the

2    current circumstances where the dollar amount of future damages is not reasonably

3    ascertainable at this time. Plaintiff is, currently, unable to accurately quantify the

4    damages caused by Defendant's future harm (e.g., the dollar amount that Plaintiff

5    and Class members will pay for the underfilled Products), rendering injunctive

6    relief a necessary remedy.

7    106.    Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-

8    judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business

9    conduct. The amount on which interest is to be calculated is a sum certain and capable of

10    calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

## COUNT TWO

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq.*

107.    Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

108.    Plaintiff brings this claim individually and on behalf of the Class.

109.    California's False Advertising Law, California Business and Professions Code Section 17500, *et seq.,* makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should beknown, to be untrue or misleading."

110.    Defendant knowingly manipulated the physical dimensions of the Products' containers, or stated another way, under-filled the amount of protein powder product in Products, by including 52% nonfunctional slack-fill as a means to mislead the public about the amount of protein powder product contained in each package.

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd. Ste. 804
Los Angeles, CA 90069

111.    Defendant controlled the packaging of the Products. It knew or should have known, through the exercise of reasonable care, that its representations about the quantity of protein powder product contained in the Products were untrue and misleading.

112.    Defendant's action of packaging the Products with 52% nonfunctional slack-fill instead of including more protein powder content in the container, or decreasing the size of the container, is likely to deceive the general public.

113.    Defendant's actions were false and misleading, such that the general public is and was likely to be deceived, in violation of Section 17500.

114.    As a direct and proximate result of Defendant's conduct alleged herein in violation of the FAL, Plaintiff and members of the Class, pursuant to § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendant, and requiring Defendant to disclose the true nature of its misrepresentations.

   a.   Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

      (1) The scope of permissible plaintiffs under the FAL is broader than the CLRA to include, for example, individuals or entities who purchased the Products for non-personal, non-family, and non-household purposes. Thus, Plaintiff and class members may be entitled to restitution under the FAL, while not entitled to damages under the CLRA.

      (2) Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendant continues to deceptively underfill the Products' packaging. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of packaging or label modifications, is necessary to dispel public misperception about the Products that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. Such modifications would include, but are not limited to, shrinking the packaging,

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd. Ste. 804
Los Angeles, CA 90069

adding more powder product to the packaging, or adding a fill line the front label. Such relief is also not available through a legal remedy as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiff is, currently, unable to accurately quantify the damages caused by Defendant's future harm (e.g., the dollar amount that Plaintiff and Class members overpay pay for the underfilled Products), rendering injunctive relief a necessary remedy.

115. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false representations. Plaintiff purchased the Products in reliance upon the claims by Defendant that the Products were of the quantity represented by Defendant's packaging and advertising. Plaintiff would not have purchased the Products if he had known that the packaging and labeling as alleged herein were false.

116. Plaintiff and members of the Class also request an order requiring Defendant to disgorge its ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendant by means of such acts of false advertising, plus interests and attorneys' fees.

## COUNT THREE

### VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE § 1750, *et seq*.

#### (By Plaintiff against Defendant)

117. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

118. The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods.

119. The practices described herein, specifically Defendant's packaging, advertising, and sale of the Products, were intended to result and did result in the sale of the Products to the

24

consuming public and violated and continue to violate sections 1770(a)(2), 1770(a)(5), 1770(a)(7), 1770(a)(9) of the CLRA by (1) misrepresenting the approval of the Products as compliant with 21 C.F.R Section 100.100, California Business and Professions Code Section 12606.2, and the Sherman Law; (2) representing the Products have characteristics and quantities that they do not have; (3) advertising and packaging the Products with intent not to sell them as advertised and packaged; and (4) representing that the Products have been supplied in accordance with a previous representation as to the quantity of protein powder product contained within each container, when it has not.

120.   Defendant fraudulently deceived Plaintiff and the Class by representing that the Products' packaging, which includes 52% nonfunctional slack-fill, actually conforms to federal and California slack-fill regulations and statutes including the Sherman Law, California Business and Professions Code Section 12606.2, and 21 C.F.R. 100.100.

121.   Defendant packaged the Products in containers that contain 52% nonfunctional slack-fill and made material misrepresentations to fraudulently deceive Plaintiff and the Class.

122.   Defendant fraudulently deceived Plaintiff and the Class by misrepresenting the Products as having characteristics and quantities which they do not have, e.g., that the Products are adequately filled when they are not. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

123.   Defendant fraudulently deceived Plaintiff and the Class by packaging and advertising the Products with intent not to sell them as advertised and by intentionally under-filling the Products' containers and replacing protein powder product with nonfunctional slack-fill. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

124.   Defendant fraudulently deceived Plaintiff and the Class by representing that the Products were supplied in accordance with an accurate representation as to the quantity of protein

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd, Ste. 804
Los Angeles, CA 90069

1   powder product contained therein when it was not. Defendant presented the physical dimensions

2   of the Products' packaging to Plaintiff and the Class before the point of purchase and gave

3   Plaintiff and the Class a reasonable expectation that the quantity of product contained therein

4   would be commensurate with the size of packaging. In doing so, Defendant intentionally

5   misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations

6   and concealment were done with the intention of deceiving Plaintiff and the Class and depriving

7   them of their legal rights and money.

8        125.    Defendant knew or should have known, through the exercise of reasonable care,

9   that the Products' packaging was misleading.

10        126.    Defendant's actions as described herein were done with conscious disregard of

11   Plaintiff's rights, and Defendant was wanton and malicious in its concealment of the same.

12        127.    Defendant's packaging of the Products was a material factor in Plaintiff's and the

13   Class's decisions to purchase the Products. Based on Defendant's packaging of the Products,

14   Plaintiff and the Class reasonably believed that they were getting more product than they actually

15   received. Had they known the truth of the matter, Plaintiff and the Class would not have

16   purchased the Products.

17        128.    Plaintiff and the Class have suffered injury in fact and have lost money as a result

18   of Defendant's unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff paid for protein

19   powder product he never received. Plaintiff would not have purchased the Product had he known

20   the container contained nonfunctional slack-fill.

21        129.    Plaintiff respectfully requests that the Court enjoin Defendant from continuing to

22   employ the unlawful methods, acts, and practices alleged herein pursuant to § 1780(a)(2). In

23   addition, Defendant should be compelled to provide restitution and damages to consumers who

24   paid for Products that are not what they expected to receive due to Defendant's

25   misrepresentations.

26         a.   Plaintiff and members of the Class are entitled to equitable relief as no adequate

27            remedy at law exists.

28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd. Ste. 804
Los Angeles, CA 90069

1   (1) Injunctive relief is appropriate on behalf of Plaintiff and members of the Class

2   because Defendant continues to deceptively underfill the Products' packaging.

3   Injunctive relief is necessary to prevent Defendant from continuing to engage in the

4   unlawful conduct described herein and to prevent future harm – none of which can

5   be achieved through available legal remedies. Further, injunctive relief, in the form

6   of packaging or label modifications, is necessary to dispel public misperception

7   about the Products that has resulted from years of Defendant's unfair, fraudulent,

8   and unlawful marketing efforts. Such modifications would include, but are not

9   limited to, shrinking the packaging, adding more powder product to the packaging,

10  or adding a fill line on the front label. Such relief is also not available through a

11  legal remedy as monetary damages may be awarded to remedy past harm (i.e.,

12  purchasers who have been misled), while injunctive relief is necessary to remedy

13  future harm (i.e., prevent future purchasers from being misled), under the current

14  circumstances where the dollar amount of future damages is not reasonably

15  ascertainable at this time. Plaintiff is, currently, unable to accurately quantify the

16  damages caused by Defendant's future harm (e.g., the dollar amount that Plaintiff

17  and Class members overpay for the underfilled Products), rendering injunctive

18  relief a necessary remedy.

19      130.  By letter dated June 10, 2020, Plaintiff advised Defendant of its false and

20  misleading claims pursuant to California Civil Code Section 1782(a).

21  **COUNT FOUR**

22  **Restitution Based on Quasi-Contract/Unjust Enrichment**

23      131.  Plaintiff repeats and realleges the allegations set forth above and incorporates the

24  same as if set forth herein at length.

25      132.  Plaintiff brings this cause of action individually and on behalf of the members of

26  the Class against Defendant.

27  ///

28  ///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

133.    By means of Defendant's wrongful conduct alleged herein, Defendant knowingly sold the Products to Plaintiff and members of the Class in a manner that was unfair, unconscionable, and oppressive.

134.    Defendant knowingly received and retained wrongful benefits and funds from Plaintiff and members of the Class. In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Class.

135.    As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

136.    Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

137.    Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, without justification, from selling the Products to Plaintiff and members of the Class in an unfair, unconscionable, and oppressive manner. Defendant's retention of such funds under such circumstances constitutes unjust enrichment.

138.    The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Class. Defendant should be compelled to return in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by Defendant.

139.    Plaintiff and members of the Class have no adequate remedy at law.

## COUNT FIVE

### Common Law Fraud

140.    Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs and incorporates the same as if set forth herein at length.

141.    Plaintiff brings this cause of action individually and on behalf of the members of the Class against Defendant.

142.    Defendant has willfully, falsely, and knowingly filled and packaged the Products in a manner indicating that the Products are sufficiently filled with an amount of protein powder product commensurate with the size of the container. However, the Products contain 52% less

protein powder product than required and instead contain a substantial amount of nonfunctional and unlawful slack-fill. Defendant has misrepresented the quantity of protein powder product contained in the Products.

143.    Defendant's misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making his or her purchase decision), because they relate to the quantity of protein powder product contained in the Products.

144.    Defendant knew of, or showed reckless disregard for, the fact that the Products contained a substantial amount of nonfunctional slack-fill.

145.    Defendant intended for Plaintiff and the Class to rely on these representations, as evidenced by Defendant's intentional manufacturing of packaging that is substantially larger than necessary to hold the volume of the contents contained therein.

146.    Plaintiff and the Class have reasonably and detrimentally relied on Defendant's misrepresentations when purchasing the Products and, had they known the truth, they would not have purchased the Products or would have paid significantly less for the Products.

147.    Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Class have suffered injury in fact.

### COUNT SIX

**Intentional Misrepresentation**

148.    Plaintiff repeats and realleges all of the allegations contained above and incorporates the same as if set forth herein at length.

149.    Plaintiff brings this cause of action individually and on behalf of all members of the Class against Defendant.

150.    Defendant has filled and packaged the Products in a manner indicating that the Products are adequately filled with protein powder product. However, the Products contain 52% less protein powder product than required and instead contain a substantial amount of nonfunctional slack-fill. Defendant misrepresented the quantity of protein powder product contained within the Products' packaging.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd. Ste. 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

151.   Defendant's misrepresentations regarding the Products are material to a reasonable consumer, as they relate to the quantity of product received by consumers. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making his or her purchase decision.

152.   At all relevant times when such misrepresentations were made, Defendant knew or should have known that the representations were misleading.

153.   Defendant intended for Plaintiff and the Class to rely on the size and style of the Products' packaging, as evidenced by Defendant's intentional manufacturing, marketing, and selling of packaging that is significantly larger than is necessary to contain the volume of the contents within them.

154.   Plaintiff and members of the Class reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Products, and had they known the truth, they would not have purchased the Products or would have purchased them at significantly lower prices.

155.   As a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and members of the Class have suffered injury in fact.

## COUNT SEVEN

### Negligent Misrepresentation

156.   Plaintiff repeats and realleges all of the allegations contained above and incorporates the same as if set forth herein at length.

157.   Plaintiff brings this cause of action individually and on behalf of the Class against Defendant.

158.   Defendant has filled and packaged the Products in a manner indicating that the Products are adequately filled with protein powder product. However, the Products contain 52% less protein powder product than required and instead contain a substantial amount of nonfunctional slack-fill. Therefore, Defendant has misrepresented the amount of protein powder product contained in the Products.

///

159.    Defendant's misrepresentations regarding the Products are material to a reasonable consumer, as they relate to the quantity of product received by the consumer. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making his or her purchase decision.

160.    At all relevant times when such misrepresentations were made, Defendant knew or should have known that the Products were not adequately filled with protein powder but instead contained a substantial amount of nonfunctional slack-fill.

161.    Defendant intended for Plaintiff and the Class to rely on the size and style of the Products' packaging, as evidenced by Defendant's packaging that is significantly larger than is necessary to contain the volume of the protein powder product therein.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all Causes of Action as follows:

A.      An order enjoining Defendant from continuing to label and/or package the Products as challenged herein;

B.      Damages against Defendant in an amount to be determined at trial, together with pre- and post- judgement interest at the maximum rate allowable by law on any amounts awarded;

C.      Restitution and/or disgorgement in an amount to be determined at trial;

D.      Reasonable attorneys' fees and costs; and

E.      Granting such other and further as may be just and proper.

///
///
///
///
///
///
///

### JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.


DATED: March 16, 2021                                **CLARKSON LAW FIRM, P.C.**

Ryan J. Clarkson, Esq.
Zach Chrzan, Esq.

*Attorneys for Plaintiff*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

**CLASS ACTION COMPLAINT**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ANCIENT BRANDS, LLC, and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHANE WINKELBAUER, individually and on behalf of all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court of California
County of Los Angeles

MAR 16 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By _Kristina Vargas_, Deputy
Kristina Vargas

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* **21STCV10258** |

Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ryan J. Clarkson (SBN 257074) 9255 Sunset Boulevard, Suite 804, Los Angeles, CA 90069 (213) 788-4050

DATE: **MAR 16 2021** Clerk, by _Kristina Vargas_, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*
SHERRI R. CARTER

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [x] on behalf of *(specify):*
   under: [x] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]   [ Save this form ]   [ Clear this form ]