Matthew Borden, Esq. (SBN: 214323)
borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
kwasniewski@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

*Attorneys for Defendant*
*Ancient Brands, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SHANE WINKELBAUER, individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　-against-<br><br>ANCIENT BRANDS, LLC, and DOES 1-10, inclusive,<br><br>　　　　Defendant. | Case No. 2:21-cv-03503-FLA-KS<br><br>**DEFENDANT ANCIENT BRANDS, LLC'S OBJECTION TO PLAINTIFF'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE AND REQUEST FOR ORDER TO SHOW CAUSE**<br><br>Hon. Fernando L. Aenlle-Rocha<br>Complaint Filed: March 16, 2021<br>Removed: April 23, 2021 |

Pursuant to the Court's May 14, 2021 Order (Dkt. No. 7), Defendant Ancient Brands, LLC respectfully submits this Objection to Plaintiff's Request for Dismissal without Prejudice.

Ancient Brands appreciates that the Court has provided it the opportunity to address the issue of whether Plaintiff can simply dismiss without prejudice and shop for a new judge because, all too often, this issue escapes review. For the reasons below, Ancient Brands respectfully asks the Court to dismiss this action with prejudice and order Plaintiff to show cause why he should not be sanctioned.

This was a fake case. Plaintiff was recruited, not injured. Plaintiff's lawyers made up the claims and then solicited "plaintiffs" to bring them. Their goal was to try to force Ancient Brands to pay some amount less than what it would cost to dismiss the case. This happens all the time.[1]

Even worse, plaintiff lawyers often navigate similar bogus pleadings past a motion to dismiss, which costs innocent businesses, small and big, hundreds of millions of dollars, and has earned the federal courts of California the ignominious title of the "Food Court." *Id*. At that point, the pressure to resolve frivolous claims is even greater given that discovery costs range into the millions. This lucrative setup has incentivized plaintiff lawyers to inundate California federal courts with all sorts of made up claims by uninjured, repeat plaintiffs, using cut-and-paste pleadings. *Id*. Such claims benefit plaintiff lawyers at the expense of businesses and do nothing to help consumers, which is the purported goal of such cases. *Id*.

---

[1] As one publication studying the problem noted, the swiftly rising tide of labeling "class action" cases is just the "tip of the iceberg" because "There are also numerous lawsuits that class action lawyers have threatened to bring by sending businesses a demand letter. Businesses sometimes choose to settle even before a lawsuit is filed. They know that the cost of seeking dismissal of a claim, which could cost $50,000 to $100,000, is far more expensive than the $10,000 to $25,000 that the lawyer would accept to make the lawsuit go away." *See* James Muehlberger, et al., "The Food Court," (Feb. 2017), *available at* https://instituteforlegalreform.com/wp-content/uploads/2020/10/TheFoodCourtPaper_Pages.pdf.

The lawyers threatening many of these claimed "class actions" understand that the cases could never qualify for class treatment because the plaintiff was solicited, rather than injured. As Judge Patel in the Northern District of California explained, where lawyers have engaged in such conduct, a "class" should not be certified:

> It is clear from the record that plaintiff's counsel, and not plaintiff, is the driving force behind this action. Such a "cart before the horse" approach to litigation is not the proper mechanism for the vindication of legal rights. *See Meachum v. Outdoor World Corp.*, 171 Misc.2d 354, 654 N.Y.S.2d 240, 369 (1996) ("Solicitation of clients for the commencement or continuation of a class action is improper, sufficient to warrant denial of class action certification.").

*Bodner v. Oreck Direct, LLC*, No. C 06-4756 MHP, 2007 WL 1223777, *2-3 (N.D. Cal. Apr. 25, 2007) (denying certification where "[t]hat plaintiff's counsel constructed this lawsuit before it had a plaintiff cannot be denied.").

As seen below, this case is a paradigmatic example of the abusive practices chronicled by commentators.

On June 10, 2020, Plaintiff's lawyers sent a letter to Ancient Brands on behalf of "Brianna Barrett," claiming that she was injured by Ancient Brand's protein powder. (Declaration of Matthew Borden ("Borden Decl."), Ex. 1.) Even though the net weight is clearly stated and correctly placed on the package per FDA regulations, the letter claimed that Ms. Barrett somehow received less protein powder than she thought she was getting. (*Id.*) Ancient Brands did not respond to the letter because it deemed the claim to be frivolous.

On September 11, 2020, Plaintiff's lawyer sent a new demand letter, along with a cut-and-paste complaint venued in the Central District of California. (Borden Decl., Ex. 2.) The letter stated: "to date, Defendant has not responded to the CLRA notice letter. Attached is a copy of Plaintiff's unfiled Class Action Complaint. If you

wish to discuss this matter prior to Plaintiff initiating formal litigation, then please contact me at zchrzan@clarksonlawfirm.com." (*Id.*)

On November 4, 2020, Ancient Brands responded to Ms. Barrett's letter. In its response, Ancient Brands explained why the container was not completely filled with protein powder: "As you probably know, because the product is a powder, settling is normal during transport. Further, because the packages must be completely sealed for sanitary purposes, they must be less than completely filled so that powder does not billow up and interfere with the sealing process." (Borden Decl., Ex. 3.) Despite Plaintiff's threat to sue immediately, nothing happened.

On March 15, 2021, Plaintiff's lawyer sent Ancient Brands yet another demand letter, this time on behalf of the Plaintiff in this action "Shane Winkelbauer." (Borden Decl., Ex. 4.) The "new" letter was virtually identical to the cut-and-paste demand letter Plaintiff's lawyer had sent on behalf of "Brianna Barrett." (*Compare* Borden Decl. Ex. 1 and Ex. 4.)

On March 16, 2021, Plaintiff's lawyer filed the instant lawsuit in Los Angeles County Superior Court. (Dkt. 1, Ex. B.) The pleading was virtually identical to the cut-and-paste pleading attached to the Barrett demand letter, except that the factual allegations that federal jurisdiction existed under the Class Action Fairness Act ("CAFA") had been stripped out. (*Compare* Dkt. 1, Ex. B with Borden Decl., Ex. 2.) At this point, Plaintiff's lawyer had been on notice for several months that the reason that Ancient Brands' protein powder product had empty space in the container was, as is always the case, related to settling during transportation and how the container is filled and sealed. (Borden Decl., Ex. 3.)

After Ancient Brands was forced to incur the expense of removing the case, and after it was assigned to this Court, Plaintiff filed a dismissal. (Dkt. 6.) In the dismissal, Plaintiff seeks to preserve the ability to re-file this case in what his lawyers perceive to be a more favorable forum. (*Id.*) He should not be allowed to do so. He is blatantly forum shopping and judge shopping. His claims lack merit. *See, e.g.*, *Ebner*

*v. Fresh, Inc.*, 838 F.3d 958, 961 (9th Cir. 2016) (plaintiff could not plausibly allege he was misled by supposedly oversized lip balm container when the weight of the product was clearly disclosed). And he filed this case in state court, when his lawyers knew that it belonged in federal court, to force Ancient Brands to incur the costs of removal. This tactic is an abuse of the legal system and part of a broader enterprise that is making a farce of the federal courts in this State. Since June 2019, Plaintiff's lawyers have filed 20 putative class actions, using captive plaintiffs.[2]

In similar circumstances, courts have repeatedly held that dismissal with prejudice is appropriate. *Grimaldi v. Nevada*, 2010 WL 5141757, *2 (D. Nev. 2010) ("[D]efendants would be prejudiced if this [c]ourt dismisses this action without prejudice, as it would permit plaintiff to circumvent defendants' proper removal of this action ...."); *Mehle v. Trinity Highway Products, LLC*, 131 F. Supp. 3d 857 (D. Minn. 2015) (holding that a forum shopper's "buyer's remorse" was not a sufficient reason to dismiss voluntarily without prejudice). *See also Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) ("A party is not permitted to dismiss merely . . . to seek a more favorable forum."); *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 n.15 (5th Cir. 2005) ("[P]laintiffs in removed cases frequently use the rule [FRCP 41(a)(1)] to refile an action in state court to secure their preferred forum by, inter alia, adding nondiverse parties.").

---

[2] Borden Decl., Ex. 5, Courthouse News Service Results of Cases Filed by Clarkson Law Firm. *See, e.g.*, *Prescott v. Nestle USA, Inc.*, 2020 WL 7053317 (N.D. Cal. Nov. 25, 2020) (representing Steven Prescott and Linda Cheslow); *Prescott v. Bayer HealthCare LLC*, 2020 WL 4430958 (N.D. Cal. July 31, 2020); *Cheslow v. Ghirardelli Chocolate Company*, 2020 WL 6342929 (N.D. Cal. Oct. 29, 2020); *Gunaratna v. Dennis Gross Cosmetology LLC*, 2020 WL 8509681 (C.D. Cal. Nov. 13, 2020); *Gunaratna v. Country Life, LLC*, 2019 WL 5295741 (C.D. Cal. Oct. 10, 2019).

For all these reasons, this action should be dismissed with prejudice, and Plaintiff should be ordered to show cause why he should not have to reimburse all of Ancient Brands' legal fees, $22,293 to date. (Borden Decl. ¶¶ 13-15.) In specific, Plaintiff should be required to file a statement under oath:

    (1)    Attesting that he was not recruited by his lawyers;

    (2)    Detailing why he stripped the federal jurisdiction allegations from his pleading;

    (3)    Explaining why he dismissed this case, yet wants to retain the right to sue Ancient Brands; and

    (4)    Identifying what non-frivolous basis he would have for maintaining such claims.

Dated: May 28, 2021

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: /s/ Matthew Borden

Matthew Borden, Esq.
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

*Attorneys for Defendant*
*Ancient Brands, LLC*