**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Zachary T. Chrzan (SBN 329159)
zchrzan@clarksonlawfirm.com
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE WINKELBAUER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ANCIENT BRANDS, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-03503-FLA-KS<br><br>**CLASS ACTION**<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO THE COURT'S DISMISSAL ORDER**<br><br>Complaint Filed: March 16, 2021<br>Removed: April 23, 2021 |

1
PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO THE COURT'S DISMISSAL ORDER

## RESPONSE TO OBJECTION

On May 14, 2021, this Court granted Plaintiff's Rule 41 request for dismissal without prejudice (Dkt. 7). On May 26, 2021, Defendant filed an "objection" to the dismissal order (Dkt. 8). The Court should overrule Defendant's objection for <u>five</u> reasons: (1) Rule 41(a) gives Plaintiff *an absolute, unfettered right* to voluntarily dismiss his claims prior to the filing of a Rule 12 answer or Rule 56 motion for summary judgment; (2) Defendant unreasonably objects to the very outcome it sought in its prospective Rule 12(b)(6) motion to dismiss; (3) Defendant's objection aims to rewrite the Federal Rules of Civil Procedure to allow a defendant to obtain privileged, protected communications and testimony, under oath, from a consumer plaintiff—by way of an "objection"—before discovery has even commenced and absent any available tool of discovery; (4) the objection is predicated upon false, pejorative, and conclusory statements about Plaintiff's counsel, which are not (and cannot be) supported by any evidence in the record; and (5) attorneys' fees are procedurally and substantively unavailable to Defendant here.

**1. Rule 41 Gives Plaintiffs an Absolute, Unfettered Right to Dismiss Without Prejudice**

Rule 41(a) affords plaintiffs an unfettered right to voluntarily dismiss an action prior to the filing of a Rule 12 answer or Rule 56 motion for summary judgment. *See Am. Soccer Co. v. Score First Enterprises, a Div. of Kevlar Indus.*, 187 F.3d 1108, 1110 (9th Cir. 1999) ("The language of rule 41(a)(1) is unequivocal. . . [t]here is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play."). "This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." *Id.* Courts consistently hold that defendants cannot alter dismissals in this manner. *See*, *e.g.*, *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir.1993) (holding that because Rule 41(a)(1) gives plaintiffs "an absolute right to dismiss" defendants, the district court had no authority to require that plaintiffs obtain permission to dismiss a defendant).

Further, the Court had no authority to invite an "objection" from Defendant after Plaintiff filed his Rule 41(a) notice of dismissal. Defendant did not file either a Rule 12 answer or a Rule 56 motion for summary judgement. Fed. R. Civ. P. 41(a)(1)(A)(i). The Court was operating under the erroneous assumption that Defendant's state court answer prevented Plaintiff from voluntarily dismissing the action under Rule 41(a)(1)(A)(i). But, Rule 41(a) expressly states, "[s]ubject to Rules 23(e), 23.1(c), <u>23.2</u>, and <u>66</u> and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . ." Fed. R. Civ. P. 41(a)(1)(A)(i). The Rule solely references the <u>Federal</u> Rules of Civil Procedure and other <u>Federal</u> Statutes, and makes no mention of extra-jurisdictional, state court filings. From the rule's plain language, it is clear that state court filings do not impact Rule 41(a) dismissals. Nor should they: otherwise, any removing Defendant could strip a plaintiff of his absolute, unfettered right to voluntarily dismiss his claim without a court order under Rule 41(a) simply by carrying out the ministerial act of answering in state court (with no intention of actually litigating there) just prior to removing the case to federal court, as occurred here.

The Court cannot sustain Defendant's objection, as it would impermissibly extinguish Plaintiff's unfettered right to voluntarily dismiss, contrary to Ninth Circuit law.

**2. Defendant's Objection Is the Outcome Defendant Desired**

On, May 10, 2021, at Defendant's request, the parties held a Local Rule 7-3 conference of counsel on Defendant's prospective Rule 12(b)(1) and 12(b)(6) motion to dismiss. Declaration of Zachary Chrzan ("Chrzan Decl.") ¶ 3. Importantly, the parties' actions (holding the L.R. 7-3 conference) reflected their respective beliefs that Defendant's state court answer was not operative, and that Defendant had retained its right to challenge the sufficiency of Plaintiff's complaint notwithstanding its pre-removal state court answer. *Id*. This makes perfect sense given the heightened

federal pleading standard which, unlike California pleading requirements, tests the "plausibility" of a federal plaintiff's allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). After the L.R. 7-3 conference, Plaintiff considered Defendant's prospective Rule 12 challenge and agreed to dismiss his complaint without prejudice. Chrzan Decl. ¶ 4. In other words, Plaintiff did exactly what Defendant requested of Plaintiff, yet Defendant now seeks to undo the very result it sought—unnecessarily, unreasonably, and vexatiously multiplying these proceedings in violation of 28 U.S.C. § 1927 in the process. The objection should be overruled.

**3. Defendant's Objection Aims to Rewrite the Federal Rules of Civil Procedure to Obtain Privileged, Protected Communications and Testimony, Under Oath, from a Consumer Plaintiff**

Defendant audaciously *requests* that the Court order Plaintiff to *testify* in response to its objection. Objection at 5. Defendant cites zero authority that authorizes the Court to enter such an order. Nor does Defendant's objection follow any established, permissible procedure. Further, Defendant seeks protected, privileged, and confidential communications and information from a consumer plaintiff that would not even be discoverable were discovery open. The request is substantively and procedurally baseless. Attorney-client communications, work product, and strategic decisions are privileged matters to which Defendant is not entitled.

**4. The Objection Pejoratively Spews Pure Conjecture**

Defendant's objection makes numerous false statements based on pure conjecture, and completely lacking in evidentiary support. First, Defendant claims that this case "[is] a fake case. Plaintiff was recruited [and] Plaintiff's lawyers made up the claims and then solicited 'plaintiffs' to bring them." Objection at 1. Defendant's only "evidence" to support this wild accusation is a 2017 hearsay "hit

piece" authored by the U.S. Chamber of Commerce's purported "U.S. Chamber Institute for Legal Reform" condemning food mislabeling class actions. Objection at 1. There is no evidence to support the claim that Plaintiff's counsel engaged in any inappropriate actions (they have not), no evidence that Plaintiff's counsel "solicited Plaintiffs" to bring claims (they did not), and no evidence supporting the accusation that Plaintiff's counsel brought a "fake case" (whatever that means). Chrzan Decl. ¶ 5. Defendant's accusations are offensive, unprofessional, and wholly without merit. *Id*.

In addition, Defendant wrote later in the Objection that "[s]ince June 2019, Plaintiff's lawyers have filed 20 putative class actions, using captive plaintiffs." Objection at 4. In support of this ridiculous accusation, Defendant proffers a "print out" from some legal filing aggregation company purporting to represent Plaintiff's counsel's recent federal court complaints. *Id*. Yet, a simple review of the proffered document states nothing about "captive plaintiffs" (again, whatever that means), or "abusive practices." *Id*. at 2. In fact, many of the cases included in the report (indeed, the only cases in which the same plaintiff appears in multiple cases) cites "Clarkson Law Firm, LLC" as the plaintiff's counsel of record, an entity which has zero affiliation whatsoever with Plaintiff or Plaintiff's counsel in this case or any case. Chrzan Decl. ¶ 6. Defendant's objection is rife with meritless, conclusory statements based on pure conjecture, wild accusations, a hearsay hit piece, and shoddy research. Defendant's objection should be denied out of hand.

**5.   Attorneys' Fees Are Substantively and Procedurally Unavailable to Defendant Here**

Defendant audaciously requests attorneys' fees without citation to any authority authorizing such an award. Defendant cites zero law because none exists. In fact, Defendant's groundless objection has unnecessarily, unreasonably, and vexatiously multiplied these proceedings in violation of 28 U.S.C. Section 1927. If

any party is entitled such an award of monetary sanctions, it is Plaintiff who is entitled to it, not Defendant.

## CONCLUSION

The Court should overrule Defendant's objection to the Court's dismissal order because it would abrogate Plaintiff's unfettered right to voluntarily dismiss without prejudice; runs counter to the very outcome Defendant sought; aims to rewrite the Federal Rules of Civil Procedure; impermissibly seeks privileged, protected communications and testimony, under oath, from a consumer plaintiff; is procedurally and substantively defective; and is predicated upon false, pejorative, and conclusory statements about Plaintiff's counsel, which are not (and cannot be) supported by any evidence in the record.

Dated: June 2, 2021         **CLARKSON LAW FIRM, P.C.**

*/s/* Ryan J. Clarkson
Ryan J. Clarkson, Esq.
Zachary T. Chrzan, Esq.

Attorneys for Plaintiff