Matthew Borden, Esq. (SBN: 214323)
borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
kwasniewski@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

*Attorneys for Defendant*
*Ancient Brands, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SHANE WINKELBAUER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>ANCIENT BRANDS, LLC, and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 2:21-cv-03503-FLA-KS<br><br>**DEFENDANT ANCIENT BRANDS, LLC'S RESPONSE TO PLAINTIFF'S UNAUTHORIZED SUBMISSION**<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>Complaint Filed: March 16, 2021<br><br>Removed: April 23, 2021 |

Defendant Ancient Brands respectfully submits this response to Plaintiff's unauthorized, incorrect, and impolite submission (Dkt. No. 9).

Plaintiff's response mainly ignores the issues raised in Ancient Brands' Objection. It also misstates the law.

*First*, Plaintiff contends that "[t]he Court was operating under the erroneous assumption that Defendant's state court answer prevented Plaintiff from voluntarily dismissing the action." (Dkt. No. 9 at 2.) However, Federal Rule of Civil Procedure 81(c) provides that when a case is removed, the state court pleadings become the operative pleadings. Rule 81(c) expressly states that "repleading is unnecessary unless the court orders it," and sets forth deadlines by which a defendant "who did not answer before removal" must do so after removal. Fed. R. Civ. P. 81(c); *see also Instituto Per Lo Sviluppo Economico Dell'Italia Meridionale v. Sperti Prods., Inc.*, 47 F.R.D. 310, 313 (S.D.N.Y. 1969) (parties to a removed action are "not required to refile or revise old pleadings, nor [are they] required to file new pleadings"). It is irresponsible for Plaintiff to attack this Court's ruling by making a legally frivolous argument, while failing to direct the Court to the controlling rule.

*Second*, Plaintiff's brief asserts that Plaintiff was not recruited. (Dkt. 9 at 5.) But Plaintiff's filing contains no such declaration from Plaintiff. Nor does his brief or lawyer declaration address why his lawyer sent iterative demand letters, by different "clients," with the same draft pleadings making the same claims. The obvious inference is that Plaintiff's lawyer was recruiting plaintiffs to bring a claim that he had made up. Indeed, Plaintiff offers no plausible explanation or argument for how this case was not one where "plaintiff's counsel constructed this lawsuit before it had a plaintiff." *Bodner v. Oreck Direct, LLC*, No. C 06-4756 MHP, 2007 WL 1223777, *2-3 (N.D. Cal. Apr. 25, 2007).

*Third*, Plaintiff offers no defense or explanation for the remainder of points made in Ancient Brands' objection, *viz*., that Ancient Brands put his lawyer on notice that the claims were baseless (Obj. at 3), that he deliberately removed the federal

jurisdictional allegations to make Ancient Brands incur needless legal fees (*id*. at 3), and that he was blatantly judge shopping. (*Id*. at 3-4.)

    Under all of these circumstances, this action should be dismissed with prejudice, and the Court should issue an Order to Show Cause.

Dated: June 4, 2021

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: */s/ Matthew Borden*

Matthew Borden, Esq.
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

*Attorneys for Defendant*
*Ancient Brands, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of June, 2021, the foregoing document was filed electronically on the CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

          */s/ Matthew Borden*
          Matthew Borden, Esq.