UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE WINKELBAUER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANCIENT BRANDS, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 2:21-cv-3503-FLA (KSx)<br><br>**ORDER OVERRULING DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE AND DENYING DEFENDANT'S REQUEST FOR ORDER TO SHOW CAUSE [DKT. 8]** |

## **RULING**

Before the court is Defendant Ancient Brands, LLC's ("Ancient Brands" or "Defendant") Objection to Plaintiff Shane Winkelbauer's ("Winkelbauer" or "Plaintiff") Request for Dismissal Without Prejudice and Request for Order to Show Cause ("Objection"). Dkt. 8 ("Obj."). The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons set forth below, the court OVERRULES Ancient Brands' Objection and DENIES its request for an order to show cause.

///

## **BACKGROUND**

This action arises out of a putative consumer protection class action brought by Plaintiff in Los Angeles Superior Court against Defendant Ancient Brands. Dkt. 1-1 (Ex. A, "Compl."). Plaintiff filed the Complaint on March 16, 2021, and Ancient Brands filed its Answer on April 23, 2021. Dkt. 1-2 at 59.[1] On the same day it filed its Answer, Defendant removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1446, and 1453. Dkt. 1. On May 12, 2021, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Dkt. 6. Because Ancient Brands had already filed an Answer, the court held the action was not subject to voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i). Dkt. 7. The court, however, exercised its discretion and granted the dismissal pursuant to Fed. R. Civ. P. 41(a)(2) while retaining jurisdiction for 14 days to allow Defendant an opportunity to object to the dismissal. *Id.*

On May 28, 2021, Ancient Brands filed the Objection to Winkelbauer's request for dismissal and a request for an order to show cause why Plaintiff should not be required to file a statement under oath: (1) attesting he was not recruited by his lawyers; (2) detailing why he stripped the federal jurisdiction allegations from his pleading; (3) explaining why he dismissed the case, yet wants to retain the right to sue Ancient Brands; and (4) identifying what non-frivolous basis he would have for maintaining such claims. Obj. 5. Plaintiff filed a response to Defendant's Objection on June 2, 2021 ("Response"). Dkt. 9. Defendant filed a further response on June 4, 2021 ("Reply"). Dkt. 10.

## **DISCUSSION**

I.  **Legal Standard**

"[A] plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for

---

[1] References to page numbers of docket entries are to the numbers assigned by the court's CM/ECF header.

summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii) (paragraph breaks omitted). In all other cases, a plaintiff may voluntarily dismiss an action "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Dismissal pursuant to Rule 41(a)(2) is without prejudice unless the court orders otherwise. *See id.* Whether to dismiss with or without prejudice under Rule 41(a)(2) rests within the court's discretion. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) ("[Rule 41(a)(2)] vests the district court with discretion to dismiss an action at the plaintiff's instance 'upon such terms and conditions as the court deems proper.' That broad grant of discretion does not contain a preference for one kind of dismissal or another.").

In exercising its discretion under Rule 41(a)(2), "the court must make three separate determinations: (1) whether to allow dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993). Courts generally allow dismissal unless a defendant will suffer "some plain legal prejudice." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Plain legal prejudice, however, does not result simply because the dispute remains unresolved, there is a threat of future litigation, or a plaintiff may gain a tactical advantage by the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Hamilton*, 679 F.2d at 145.

**II.    Analysis**

As an initial matter, Plaintiff argues, *inter alia*, that Rule 41(a)(1) deprived the court of "authority to invite an 'objection' from Defendant after Plaintiff filed his Rule 41(a) notice of dismissal." Obj. 3. According to Plaintiff, because Defendant filed its answer prior to removing the action to this court, Plaintiff was permitted to dismiss the action voluntarily under Rule 41(a)(1)(A)(i) unless and until Defendant filed another answer or a motion for summary judgment. *Id*. at 3. The court disagrees.

As Defendant explains in its Response, under Fed. R. Civ. P. 81(c)(2), "[a]fter removal, repleading is unnecessary unless the court orders it." *See* Def. Resp. 2. As the Supreme Court has long held, when an action is removed to federal court, the district court "takes the case in the condition it was [in] when the State court was deprived of its jurisdiction." *Duncan v. Gegan*, 101 U.S. 810, 812 (1879). "[P]leadings filed in state court need not be duplicated in federal court," and "the federal court takes the case up where the State court left it off." *Granny Goose Foods, Inc. v. Brotherhood. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda City.*, 415 U.S. 423, 435-36 (1974) (internal quotation marks and citation omitted). Accordingly, Defendant's Answer remained operative after Defendant removed the action, and Plaintiff was unable to exercise his right to dismiss the action voluntarily pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Plaintiff's dismissal, therefore, was appropriately subject to court approval, and on terms the court considered proper, under Fed. R. Civ. P. 41(a)(2). The court now turns to Defendant's Objection.

Defendant argues the court should dismiss the action with prejudice because Plaintiff only sought dismissal to re-file the case in a more favorable forum and because the claims lack merit. Obj. 4. Defendant further argues Plaintiff's attorney recruited Plaintiff to file the present action to force Defendant to settle for some amount less than it would cost to litigate the action. *Id.* at 2.

The court rejects Defendant's arguments and, in its discretion, concludes Defendant will suffer no legal detriment if Plaintiff's claims are dismissed without prejudice. Plaintiff's motion to dismiss the action was made at an early stage in the litigation before the parties engaged in lengthy discovery and before significant financial resources could reasonably be expended to defend the case. The fact that Defendant has incurred some expenses in removing the action to federal court and in answering the Complaint does not constitute sufficient plain legal prejudice or hardship to justify dismissal with prejudice. *Hamilton,* 679 F.2d at 146. Moreover,

the prospect of future litigation in a different forum, alone, does not justify dismissal with prejudice.  *Id.* at 145; *Smith*, 263 F.3d at 976.

Having found that Defendant did not suffer plain legal prejudice from the dismissal without prejudice, the court need not address Defendant's argument regarding the merits of Plaintiff's case.  Should Plaintiff choose to re-file the action, Defendant may raise its arguments regarding the merits of Plaintiff's claims through appropriate motion practice.

Accordingly, the court OVERRULES Defendant's Objection and DENIES Defendant's request for an order to show cause.

## CONCLUSION

For the foregoing reasons, the Objection is OVERRULED and Defendant's request for an order to show cause is DENIED.

IT IS SO ORDERED.

Dated: July 14, 2021

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge